NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

SHANNON PAUL SWISHER, *Appellant.*

No. 1 CA-CR 16-0335
FILED 6-15-2017

---

Appeal from the Superior Court in Maricopa County
No.  CR 2015-127113-001
The Honorable James R. Rummage, Judge *Pro Tem*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Tennie B. Martin
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Patricia K. Norris joined.

---

**C A M P B E L L**, Judge:

¶1        Shannon Paul Swisher appeals his convictions and sentences for aggravated assault of a peace officer, a class 5 felony, Arizona Revised Statutes ("A.R.S.") section 13-1204(A)(8)(a), and resisting arrest, a class six felony, A.R.S. § 13-2508(A)(1). On appeal, Swisher argues the superior court abused its discretion in admitting evidence of Swisher's first encounter with Officer J.B., about an hour and a half prior to Swisher's arrest, under Arizona Rule of Evidence 404(b) and Arizona Rule of Evidence 403. We disagree and affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        At trial, Officer J.B. testified that on the day he arrested Swisher, he had first encountered Swisher at a market when the officer responded to a call near the market at 9:30 a.m. Officer J.B. testified that at the market, Swisher appeared "intoxicated," and he could "smell the alcohol coming off of [Swisher]" when he approached. Because the attendants at the market wanted Swisher "trespassed from the property," Officer J.B. told Swisher he had to leave. Swisher, however, did not comply, and instead became "[v]ery belligerent [and] very confrontational." Officer J.B. eventually walked Swisher out of the market and onto the sidewalk. The officer stayed for a few minutes to make sure that Swisher continued to walk away from the market and then left.

¶3        Officer J.B. testified that his second encounter with Swisher occurred when he responded to a call about an hour and a half later regarding a drunk person causing a disturbance at a fast food restaurant. When the officer arrived, he saw Swisher was lying on the grass behind a little wall next to the fast food restaurant. Officer J.B. told Swisher "he needed to leave," and Swisher immediately became confrontational and belligerent. He got up and walked away, but continued to "come back at [Officer J.B.] and get right in [his] face" while yelling and cursing and "carrying on about the prior incident." Officer J.B. twice used a forceful push to create distance between himself and Swisher, but because Swisher

2

was intoxicated, Officer J.B. "did not hit [Swisher] very hard for fear that he would fall down because he was already unstable."

¶4        Officer J.B. next grabbed Swisher's elbow and started to escort Swisher off the property, but Swisher hit him on the left side of his face with a tennis shoe. Officer J.B. then attempted to arrest Swisher, but Swisher started pulling away "swinging his arms." Officer J.B. managed to get Swisher on the ground, but because Swisher attempted to pull away and had pulled his knees into his chest, Officer J.B. was unable to place him in handcuffs. He kneeled on top of Swisher to prevent him from moving his chest and head, and radioed for assistance.

¶5        At trial, L.R. and C.R. testified that they had been at a nearby restaurant during the incident, and had observed Officer J.B. take Swisher down to the ground. L.R. testified that when Swisher was on the ground he was "swinging around" as Officer J.B. was attempting to put Swisher's hands behind his back. C.R., a former police officer, testified he walked over to assist the officer because he believed Officer J.B. needed help. C.R. testified that when he arrived, Swisher was on the ground, his "legs were flopping" and he "[would not] stay still." C.R. assisted Officer J.B. by pulling out Swisher's legs so that he could place handcuffs on Swisher.

¶6        Prior to trial Swisher filed a "Motion in Limine To Preclude The Introduction of Any Evidence or Testimony Relating To Mr. Swisher's Prior Contacts With Law Enforcement And Mr. Swisher's Intoxication." In that motion he sought to preclude Officer J.B.'s testimony about the prior encounter, in which Swisher had been trespassing and appeared intoxicated.

¶7        The superior court held an evidentiary hearing and denied the motion, finding that the State had established by clear and convincing evidence that the prior encounter between Officer J.B. and Swisher had occurred at the market and was relevant. It further found the information admissible for a number of proper purposes under the identity, intent, and absence of mistake or accident exceptions in Rule 404(b). Finally, the superior court found that evidence as to the first encounter was more probative than prejudicial. Ariz. R. Evid. 403.

## DISCUSSION

¶8        Swisher argues that Officer J.B.'s testimony regarding the first encounter, *see supra* ¶ 2, was improper other acts evidence under Rule 404(b). Reviewing the superior court's ruling for an abuse of discretion, we disagree. *State v. Salamanca*, 233 Ariz. 292, 295, ¶ 8 (App. 2013) (appellate

court reviews superior court's ruling on admission of evidence for an abuse of discretion) (citation omitted).

**¶9**      Under Rule 404(b) evidence of "other crimes, wrongs, or acts" is inadmissible when offered to prove "the character of a person in order to show action in conformity therewith." Rule 404(b), however, permits such evidence for non-propensity purposes, including "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." To be admissible, evidence that is offered for a non-propensity purpose must be relevant and more probative than prejudicial under Rule 403. *State v. Leteve*, 237 Ariz. 516, 522, ¶ 11 (2015) (citation omitted). If "other acts evidence" is admitted, the court should provide the jury with a limiting instruction. *Id.*

**¶10**      Here, Swisher fails to argue that the superior court abused its discretion when it found that Rule 404(b)'s exception for intent or lack of mistake or accident applied; instead he simply asserts that "defense counsel debunked [the State's] arguments." *See In re J.U.*, 241 Ariz. 156, 161, ¶ 18 (App. 2016) (appellate court generally declines to address issues not adequately argued with appropriate citation to supporting authority) (citing ARCAP 13(a)(7) (appellant's brief should contain supporting legal authority for each issue and reasons for each contention)).

**¶11**      The superior court did not abuse its discretion in finding evidence of the first encounter admissible under the intent and lack of mistake or accident exceptions in Rule 404(b). Swisher claimed he was not resisting arrest when Officer J.B. took him to the ground, but, rather, he was moving his arms and legs because he was involuntarily reacting to pain from an injury to his face. Thus, Swisher's intent, and lack of mistake or accident, when he was "swinging" and "flopping," *see supra* ¶ 5, were directly contested. For that reason, the superior court did not abuse its discretion in finding that these exceptions to Rule 404(b) applied.

**¶12**      Swisher additionally argues that the superior court should not have admitted Officer J.B.'s testimony because "the probative value of the prior incident was substantially outweighed by the danger of confusing the issues or misleading the jury." Ariz. R. Evid. 403 (court may exclude relevant evidence if probative value substantially outweighed by unfair prejudice, confusing issues, misleading jury). We disagree. There was minimal danger of prejudice, confusing the issues, or misleading the jury from the testimony; for the reasons discussed, *see supra* ¶ 11, Officer J.B.'s testimony as to the first encounter was highly probative as to whether Swisher actively resisted arrest and, therefore, was not subject to exclusion

under Rule 403. *See State v. Schurz*, 176 Ariz. 46, 52 (1993) (relevant evidence is generally adversely probative to the opposing party, but "prejudice" under Rule 403 "means an undue tendency to suggest decision on improper basis. . . such as emotion, sympathy, or horror") (quotations and citations omitted). Finally, the superior court provided the jury with a limiting instruction as required.

¶13     Accordingly, the superior court did not abuse its discretion in admitting evidence of Officer J.B.'s first encounter with Swisher.[1] We therefore need not address Swisher's argument that the admission did not constitute harmless error.

**CONCLUSION**

¶14     For the foregoing reasons, we affirm Swisher's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:   AA

---

[1]     On May 19, 2017, Swisher filed a "Motion for Substitution of Counsel" with this court to substitute Tennie B. Martin for Christopher V. Johns as defense counsel. We grant the motion.